Robert Earl GRAY and Interfirst Bank Nederland, Appellants,

v.

Bradley W. BERTRAND, et al., Appellees.

No. 09–87–242–CV.

Court of Appeals of Texas, Beaumont.

March 9, 1989.

Rehearing Denied March 30, 1989.

Charles K. Kebodeaux, Beaumont, for appellants.

Richard G. Lewis, Port Neches, and C.A. Davis, for appellees.

## OPINION

DIES, Chief Justice.

Bradley W. Bertrand, Carl Blaine Bertrand, Jr., and Wesley J. Bertrand, plaintiffs below, sued Robert Earl Gray and InterFirst Bank Nederland alleging that in October of 1982, their father, Dr. Carl B. Bertrand, deposited various sums of money in investment account number 9917881 at the bank in the names of Dr. Bertrand "or Wesley J. or Bradley W. or Carl B. Jr. or Lema Gail Bertrand." The account did not provide for rights of survivorship in any party. Dr. Bertrand died December 18, 1982. Plaintiffs asserted that on December 20, 1982, they sought information regarding the existence of any accounts in their names, requesting payment, and that defendant Robert Earl Gray falsely stated to plaintiffs that plaintiffs had no accounts in defendant bank. On December 22, defendant bank paid out the funds in the account to Gail Bertrand, plaintiffs' stepmother. Plaintiffs brought suit against defendants for fraudulently concealing their right to withdraw the monies from that account.

Trial was to a jury which made the following findings:

1. None of the funds in the investment account on December 20, 1982, was the subject of a gift to plaintiffs.

2. That defendant Robert Earl Gray defrauded the plaintiffs on or about December 20, 1982, regarding the investment account at the bank.

3. Likewise, the defendant bank defrauded the plaintiffs.

4. That plaintiffs should recover $35,000 in exemplary damages against the bank.

5. That plaintiffs should recover $7,500 against defendant Robert Earl Gray as exemplary damages.

Judgment followed this verdict in which the trial court disregarded the jury's answer to special issue number one, awarded actual damages plus prejudgment interest against defendants, jointly and severally, in the amount of $45,135.02, and the exemplary damages as found by the jury.

From this judgment, Robert Earl Gray and InterFirst Bank Nederland have perfected appeal to this court. The parties herein will be referred to as they were below.

Defendants have many points of error. Most of them challenge the trial court's action in disregarding the first special issue and then substituting its own finding. If there is any evidence to support the jury's finding to the first issue, the trial court was not authorized to disregard it. *Texas Employers Ins. Ass'n v. Knipe,* 150 Tex. 313, 239 S.W.2d 1006 (1951). We find that there is ample evidence, at least circumstantial, in the record that Dr. Bertrand did not intend the money on deposit with the bank to be a gift to his sons. It is undisputed that his will contained express bequests to plaintiffs, which they have received. In order to establish and recover actual damages for fraud, it was necessary for the plaintiffs to prove an ownership or beneficial interest in the funds, *i.e.,* that the funds were the subject of a gift to them. *Cf. Chopin v. InterFirst Bank Dallas,* 694 S.W.2d 79 (Tex.App.—Dallas 1985, writ ref'd n.r.e.). If there was no inter vivos gift, title to the funds at the father's death devolved according to his will. *Olive v. Olive,* 231 S.W.2d 480, 483 (Tex.Civ.App. —Dallas 1950, no writ). And, of course, there can be no exemplary damages absent a finding of actual damages. *Doubleday & Co. v. Rogers,* 674 S.W.2d 751 (Tex.1984).

We, therefore, reverse the judgment of the trial court and render that plaintiffs shall recover nothing of and from the defendants.

Plaintiffs'/appellees' "counterpoint" is without merit and is overruled.

Reversed and rendered.